IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ARSENIO BUCKLEY                                                                          PLAINTIFF

v.                                      Civil No. 6:24-cv-06065-SOH-CDC

JAILER ZACH MARSHALL (Clark County
Detention Center), JAILER JODIE LAW
(Clark County Detention Center), and JANE
DOE (Nurse or CSN, Baptist Health Medical
Center)                                                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.  BACKGROUND

Plaintiff filed his Complaint on May 7, 2024.  (ECF No. 1).  On May 8, 2024, the Court entered an Order directing Plaintiff to submit an Amended Complaint to address deficiencies in his Initial Complaint.  (ECF No. 6).  Plaintiff sought and was granted an extension of time to file his Amended Complaint.  (ECF Nos. 9, 10).  He filed his Amended Complaint on June 17, 2024. (ECF No. 11).  He attached several pages of narrative to the Complaint form.  (ECF No. 11-1).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Plaintiff is currently incarcerated in the Arkansas Division of Correction Wrightsville Unit, but his Amended Complaint allegations center on his incarceration in the Clark County Detention Center. (ECF No. 11). For his first claim, Plaintiff alleges that on June 22, 2022, he fell just after breakfast while handing another inmate a tablet. He then suffered a seizure after the fall.[2] (ECF No. 11 at 4-5; 11-1 at 1). Plaintiff alleges that other inmates called for help. (ECF No. 11 at 4; 11-1 at 2). Plaintiff alleges that Defendants Marshall and Law saw him on the ground and delayed calling for paramedics for "five to ten minutes."[3] (ECF No. 11 at 4; 11-1 at 2). He further alleges Marshall declined to personally help him, stating that he did not know CPR and was not a paramedic. (ECF No. 11-1 at 2). In the attachment to his Complaint, Plaintiff states that the paramedics were "supposedly" parked outside the courthouse, and it took five to ten minutes before they arrived to care for him. (ECF No. 11-1 at 2). Plaintiff names Defendants Marshall and Law for this claim. He proceeds against them in both the official and individual capacities. (ECF No. 11 at 4). As his official capacity claim, he states "not having medical staffs, not knowing the proper medical procedures." (*Id*. at 5).

For his second claim, Plaintiff alleges that he was brought to the hospital by the paramedics on June 22, 2022, where he received improper medical care by a Doe Nurse or CSN. (ECF No. 11 at 6). Plaintiff alleges that he was "hooked to a heart monitor," and his blood pressure was checked. (*Id*.). He alleges that care was improper because no blood tests were taken and he did

---

[2] Plaintiff indicates that Defendant Marshall gave him two trays that were leftover from passing out breakfast to the inmates and told him "these two are for you, don't share or give one away." (ECF No. 11-1 at 1). Plaintiff does not make an allegation that his food was responsible for the seizure.

[3] The Court notes some discrepancy between the facts stated on the Complaint form and in Plaintiff's attachment to the form. On the form, he states Defendant Marshall waited before "going to make the call" to the paramedics. (ECF No. 11 at 4). In his attachment, Plaintiff alleges that Defendant Marshall gave Defendant Law "the OK to go make the call." (ECF No. 11-1 at 2).

not receive a CT scan or an EG test. (*Id.*). Plaintiff alleges he has had seven seizures since that time, and he does not know the triggers or when he is about to have one. (*Id.*). He alleges the nurse at Baptist was unprofessional because they did not check his medical history. (*Id.*). Plaintiff proceeds against the Baptist Hospital nurse in their individual capacity only. (*Id.* at 7).

Plaintiff seeks compensatory damages in the amount of $250,000 for "aches and suffering." (*Id.* at 9). He also seeks to have his record expunged because the poor care affected his ability to fight his case. (*Id.*).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

3

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Claim One - Defendants Marshall and Law

Plaintiff failed to state a plausible delay of medical care claim against Defendants Marshall and Law. In prisoner litigation, courts in the Eighth Circuit analyze denial of medical care claims under the deliberate indifference standard of the Eighth Amendment. *See e.g., Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment). The Court therefore examines Plaintiff's claims under the Eighth Amendment's deliberate indifference standard. *Id*.

To succeed on this type of claim, Plaintiff must demonstrate (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations omitted). "To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted). The Eighth Circuit has stated that this "onerous standard requires a showing more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotations and citations omitted).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that these delays adversely affected his prognosis[,]" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (internal quotations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub v. VonWald*, 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (holding a three-week delay, "coupled with knowledge of inmate-patient's suffering, can support a finding of an Eighth Amendment violation").

Although Plaintiff does not describe the severity of the seizure and does not indicate that he was formally diagnosed with having a seizure, the Court will find that the allegation meets the objective prong of the deliberate indifference test for the purpose of screening. His allegations do not, however, meet the subjective prong of the test. Here, Plaintiff alleges Defendant Marshall waited five to ten minutes to either call the paramedics himself or give Defendant Law the order to call the paramedics. He alleges it then took five to ten minutes for the paramedics to arrive. Thus, it only took the paramedics between 10 to 20 minutes to arrive after the onset of his seizure. He was then taken to the hospital immediately. This short delay does not state a claim of constitutional dimension, and Plaintiff's delay-in-treatment claim must fail because he has not alleged that his medical prognosis was adversely affected by the 10 to 20 minutes it took for the

paramedics to arrive. *See*, *e.g.*, *Fisher v. Snider*, No. 423CV04073SOHBAB, 2023 WL 6884174, at *1 (W.D. Ark. Sept. 26, 2023), *report and recommendation adopted*, No. 4:23-CV-4073, 2023 WL 6882768 (W.D. Ark. Oct. 18, 2023) (refusal to check blood pressure and 24-hour delay in calling EMTs for racing heart and suspected anxiety attack failed to state a plausible claim when Plaintiff did not allege any detrimental effect from delay); *Norman v. Lewis*, No. 3:17-CV-03069, 2019 WL 407426, at *1 (W.D. Ark. Jan. 31, 2019) (arrival of EMTs only 19 minutes after an inmate with significant medical history of stroke and seizure lost consciousness insufficient to survive summary judgment motion because there was no verifying evidence that the short delay caused any detrimental effect on his medical condition.).

    **B.**    **Claim Two - Defendant Jane Doe Nurse, Baptist Health Medical Center**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff's claims against the Jane Doe Nurse at the Baptist Health Medical Center are subject to dismissal. In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the Court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

> 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id*. at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two-part test).

*Montano*, 120 F.3d at 848.

Nothing in Plaintiff's Complaint permits the inference that the Jane Doe Nurse at the Baptist Health Medical Center was in any way a state actor. Instead, he alleges only that he did not receive proper medical care at a private hospital when taken to that hospital. "[P]rivate conduct, no matter how egregious, discriminatory, or harmful, is beyond the reach of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). Further, mere negligence or medical malpractice is insufficient to rise to the level of a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted). Plaintiff's claims against the Jane Doe Nurse at the Baptist Health Medical Center are therefore subject to dismissal.

### IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

<u>Referral Status</u>: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of July 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE